**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

HILARIO C.D.,

Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-738 (NEB/DTS)

ORDER ON
PETITION FOR
WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Hilario C.D.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Respondents do not dispute the salient facts alleged in the Petition. (ECF No. 6 at 1.[1]) Hilario C.D. is a citizen of Mexico who has entered the United States, without inspection, three times. (Pet. ¶¶ 18, 26.) He first entered the country in 1989. (*Id.* ¶ 26.) His third entry was in 2008, after returning to Mexico to visit his ailing mother. (*Id.*) He has not left the United States since 2008. (*Id.*)

---

[1] All page citations to the record reference ECF pagination.

Hilario C.D. has had no criminal history in the past 20 years.[2] (*Id.* 101.) In 2016, Hilario C.D. was the victim of a violent crime; he was stabbed as he and his daughter left their apartment. (*Id.* ¶ 35.) Afterwards, he applied for a U visa.[3] (*Id.* ¶ 38.) His U visa application is still pending; but, in 2022, he received a bona fide determination notice from United States Citizenship and Immigration Services, which granted him deferred action and authorization to work in the United States. (*Id.* ¶¶ 39–40.)

Hilario C.D. and his wife have four children (including one who serves in the U.S. Marine Corps), and two young granddaughters. (*Id.* ¶¶ 41–42.) He is the primary wage-earner for his household, which includes him, his wife, two of his children, and one grandchild. (*Id.* ¶ 43.)

On January 27, 2026, while Hilario C.D. was on his way to work, Immigration and Customs Enforcement ("ICE") took Hilario C.D. into custody—without a warrant. (*Id.* ¶¶ 2, 45.) The Petition alleges, upon information and belief, that he is in custody in Minnesota, but his current location is unknown. (*Id.* ¶ 46.) After his arrest, Hilario C.D. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

---

[2] In 2000, he was put on probation for driving under the influence of alcohol. (*Id.* ¶ 28.)

[3] A U visa is a nonimmigrant status granted to certain crime victims who cooperate with and assist law enforcement in investigating or prosecuting qualifying criminal activity. *Islas-Saldana v. Garland*, 59 F.4th 927, 929 (8th Cir. 2023).

Hilario C.D. is one of hundreds of petitioners in the District who have challenged their custody. Like those petitioners, Hilario C.D. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since his last entry into the country, over seventeen years ago, Hilario C.D. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Hilario C.D. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Hilario C.D. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Hilario C.D.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (ECF No. 6.) The Court recognizes, but is not persuaded by, the minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected the minority viewpoint.[4]

---

[4] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

Nor does Hilario C.D.'s U visa application change the Court's analysis. Like numerous other courts, the Court concludes that a pending U visa application does not transform someone who has resided in the country for years into someone "seeking admission" for Section 1225 purposes. *Victor F.M. v. Bondi*, No. 25-CV-4778 (ECT/SGE), 2026 WL 25968, at *2 (D. Minn. Jan. 5, 2026) (concluding same and collecting cases).

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Hilario C.D. requests immediate release. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Hilario C.D. asserts that his arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Hilario C.D.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Hilario C.D.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Hilario C.D.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn.

Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Hilario C.D.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

   a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

   b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

   c. ORDERS that Respondents release Petitioner in Minnesota with all his personal effects, including all personal property seized during his arrest such as, but not limited to, immigration paperwork and his work permit;

d. ORDERS that, within **two days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

e. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 30, 2026
Time: 8:55 p.m.

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge