**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

HILARIO C.D.,

Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,

Respondents.[1]

Case No. 26-CV-738 (NEB/DTS)

ORDER ON PETITIONER'S MOTION FOR ATTORNEYS' FEES

---

Earlier this year, the Court granted Hilario C.D.'s petition for a writ of habeas corpus. Hilario C.D. now moves for attorneys' fees under the Equal Access to Justice Act ("EAJA").[2] Because Respondents' position, as a whole, was not substantially justified, the Court grants the motion and awards $7,700.40 in reasonable attorneys' fees.

---

[1] The U.S. Senate confirmed Todd Blanche as Acting Attorney General and Markwayne Mullin as Secretary of the Department of Homeland Security. Under Rule 25(d) of the Federal Rules of Civil Procedure, Blanche and Mullin are substituted as Respondents in this suit.

[2] Hilario C.D. filed this motion thirty-one days after final judgment, not within the thirty days required by statute. 28 U.S.C. § 2412(d)(1)(B). Because Respondents object to the motion solely on its merits, the Court assumes Respondents consent to the (only slightly) late filing.

## BACKGROUND

Hilario C.D. is a citizen of Mexico who, after entering the United States without inspection, has lived in the country continuously since 2008. (ECF No. 10 at 1.[3]) In January 2026, Immigration and Customs Enforcement ("ICE") arrested Hilario C.D. and took him into custody. He then filed a petition for a writ of habeas corpus with this Court. (ECF No. 1.)

The statutory question here centered on whether Hilario C.D. was properly subject to detention under 8 U.S.C. Section 1226(a) or Section 1225(b)(2). The Court concluded that Hilario C.D. was subject to detention under the discretionary authority of Section 1226(a) and, because he was arrested without a warrant, was entitled to immediate release. (ECF No. 10 at 5–6.) In its January 30, 2026 order granting that relief, the Court further ordered that Respondents release Hilario C.D. "as soon as practicable with coordination or at least two hours' advance notice to counsel" and "with all his personal effects, including all personal property seized during his arrest." (*Id.* at 6.)

Although Respondents released Hilario C.D. the next day, they nevertheless (a) failed to coordinate with counsel and (b) withheld his Minnesota Real ID and Mexican Consular ID. (ECF No. 15 ¶¶ 3–5.) Both actions violated this Court's order. As a result, counsel spent three hours waiting outside the Whipple Building, where Hilario C.D. was detained, on the day of his release. (*Id.* ¶ 4.) Over the next two weeks, counsel expended several additional hours coordinating with ICE to retrieve his identification cards. (*Id.* ¶ 7; ECF No. 15-1.)

---

[3] All page citations to the record reference ECF pagination.

**ANALYSIS**

## I. Legal Standard

The EAJA provides that the prevailing party in any civil action against the United States (except those sounding in tort) must be awarded attorneys' fees unless the government's position was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). To be substantially justified, the position must have "a reasonable basis in law and fact," but it "need not be correct." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566, n.2 (1988)). Finally, the requested attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(2)(A).

## II. Discussion

### *A. Substantial Justification*

Hilario C.D. prevailed in his habeas action against the United States. On January 30, 2026, this Court granted the petition and ordered his immediate release. (ECF No. 10.) Because Hilario C.D. has established that he is the prevailing party, the burden shifts to Respondents to prove that their position was substantially justified. *Bah*, 548 F.3d at 684.

When assessing whether Respondents' position was substantially justified, the Court "should make 'only one threshold determination for the entire civil action.'" *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (quoting *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990)). "[T]he totality of the circumstances—prelitigation and litigation—must be

considered to determine whether the position of the United States is substantially justified." *Iowa Exp. Dist., Inc. v. NLRB*, 739 F.2d 1305, 1310 (8th Cir. 1984).

Respondents contend that the government's position was substantially justified because its primary legal argument—that Hilario C.D. was subject to mandatory detention under Section 1225(b)(2)—was reasonable. (ECF No. 20 at 3.) Although the Court disagreed with the government's statutory interpretation, this legal argument had a reasonable basis in law and fact. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *1 (D. Minn. Jan. 5, 2026) (granting habeas relief but noting that the issue is "difficult and close"). And, of course, the Eighth Circuit has since adopted the government's interpretation of Section 1225(b)(2). *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026).

But the underlying legal basis for Hilario C.D.'s detention does not end the inquiry. Rather, "[t]he EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent conduct." *Bah*, 548 F.3d at 684. And here, Respondents' subsequent conduct directly violated the Court's January 30 order. That order expressly required the government to release Hilario C.D. "as soon as practicable with coordination or at least two hours' advance notice to counsel" along with "all his personal effects, including all personal property seized during his arrest." (ECF No. 10 at 6.) Respondents ignored counsel's inquiries regarding the timing of the release and wrongfully withheld Hilario C.D.'s identification cards. (ECF No. 15 ¶¶ 3–5.) As a result, counsel was left waiting outside, in the Minnesota winter, for multiple hours on the day of release and spent more time coordinating with ICE to retrieve his identification cards. (*Id.* ¶¶ 4, 7; ECF No. 15-1.)

It is a "basic proposition" that "all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975); *In re Ragar*, 3 F.3d 1174, 1180 (8th Cir. 1993) (noting that "[a] court's order must, in all but the most extreme cases, be obeyed"). Respondents offer no explanation for their noncompliance; they do not even address it. This subsequent conduct lacks any reasonable basis in law or fact. *See Adriana M.Y.M. v. Easterwood*, No. 26-CV-213 (JWB/JFD), 2026 WL 1786122, at *2 (D. Minn. June 22, 2026) (granting EAJA fees when the government failed to account for, among other things "the circumstances surrounding the delay in complying with the release order").

Hilario C.D.'s counsel spent hours responding to the government's violations of a court order. Denying fees in this case would create exactly the financial disincentive the EAJA was designed to alleviate, discouraging attorneys from providing support to clients like Hilario C.D. *Jean*, 496 U.S. at 163 (noting that the core purpose of the EAJA is "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions"). Thus, the Court concludes that the government's position, as a whole, was not substantially justified; Hilario C.D. is entitled to attorneys' fees.

### *B. Reasonableness*

The Court next turns to whether the requested fees are reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

***Rate.*** Under the EAJA, attorneys' fees "shall not be awarded in excess of $125.00 per hour" unless "an increase in the cost of living or a special factor" justifies a higher

fee. 28 U.S.C. § 2412(d)(2)(A). Hilario C.D. seeks an upward adjustment from the statutory maximum to $261.12 per hour based on a cost-of-living adjustment. (ECF No. 19 at 15 (citing the United States Bureau of Labor Statistics' Consumer Price Index Summary).) This requested base rate reasonably reflects inflation and is consistent with adjustments for the cost of living that are commonly awarded in this District. *See, e.g.*, *Adriana M.Y.M.*, 2026 WL 1786122, at *2 (awarding base rate of $261.12 per hour); *Jafet L.C. v. Blanche*, No. 26-CV-903 (DWF/EMB) (D. Minn. May 15, 2026), ECF No. 20 (same); *Marcelino J.U. v. Noem*, No. 26-CV-862 (SRB/SGE) (D. Minn. Mar. 25, 2026), ECF No. 27 (same). Hilario C.D. also seeks a lower adjusted rate of $210.00 for the legal assistant and accredited representative supporting his case, who also provided interpreter services. (ECF No. 19 at 16; ECF No. 15 ¶¶ 7, 9.) Respondents do not object; the Court concludes that this rate is reasonable as well.

***Hours.*** Hilario C.D.'s attorneys represent that they spent 20 total attorney hours and 11.8 legal assistant hours on this case. (ECF No. 15 ¶ 13.) Respondents do not object to the requested rate but vaguely assert that the Court reduce the award because the interpretive issue, albeit difficult and close, was not novel or complex. (ECF No. 20 at 8.) The Court concludes that this amount of time is reasonable. Other courts have awarded attorneys' fees for just over twenty hours of work on a habeas petition challenging immigration detention. *See, e.g.*, *Ibrahim v. Barr*, No. 18-CV-1883 (PAM/BRT), 2019 WL 1487850, at *3 (D. Minn. Apr. 4, 2019); *Marlon M.M. v. Easterwood*, No. 26-CV-106 (NEB/ECW) (D. Minn. May 5, 2026) (same). And the legal assistant's hours were largely dedicated to coordinating with ICE to retrieve Hilario C.D.'s identification cards—time expended only because Respondents violated the Court's release order. (*See* ECF No. 15-1.) These hours, too, are reasonable.

The Court awards Hilario C.D. reasonable attorneys' fees of $7,700.40 (($261.12 (attorney rate) x 20 (attorney time)) + ($210.00 (legal assistant rate) x 11.8 (legal assistant time))).

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Hilario C.D.'s Motion for Attorneys' Fees (ECF No. 13) is GRANTED; and

2. Hilario C.D. is AWARDED reasonable attorneys' fees of $7,700.40, as authorized by 28 U.S.C. Section 2412(d).

Dated: July 30, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge